9784

SOUTHERN·COTTON OIL CO. v. HEWLETT *ET AL.*

(93 S. E. 195.)

PROCESS—SUMMONS—SIGNATURE AND SEAL OF CLERK.—Code Civ. Proc. 1912, sec. 177, provides that a civil action in a Court of record shall be commenced by the service of a summons. Section 178 provides that a summons shall be subscribed by the plaintiff or his attorney. *Held,* that the signature and seal of the clerk of the Circuit Court was not necessary to the validity of a summons.

Before RICE, J., Barnwell, May, 1916. Affirmed.

Action by the Southern Cotton Oil Company against J. H. Hewlett and another. From an order of the Common Pleas Circuit Court, defendants appeal.

*Messrs. J. M. Patterson* and *R. P. Searson, Jr.,* for appellants, cite: *As to statutory provisions being mandatory:* 19 S. C. 435; 27 S. C. 618; 54 S. C. 241; 67 S. C. 332. *Issuance of process:* Const., art. V, sec. 31; Civil Code, secs. 1319, 4217; Const., art. IX, sec. 4217; Code Civ. Proc. 177, 178, 179, 183, 189; 37 Cyc. 419, 423; 67 S. C. 533; 97 S. C. 87.

*Mr. J. Henry Johnson,* for respondent, cites: *As to appealability of order:* Code Civ. Proc., sec. 11, subd. 1; 57 S. C. 14. *Action of claim and delivery:* Code Civ. Proc., sec. 227. *Requisites of summons:* Code Civ. Proc., secs. 177, 178, 179; 6 S. C. 169; 23 S. C. 154, 168; 51 S. C. 344; 60 S. E. 978, 980. *Service of process:* Code Civ. Proc., sec. 183; 62 S. C. 533; 69 S. C. 57. *Nature of claim and delivery:* Code Civ. Proc., secs., 258, 259, 260; 25 S. C. 318.

July 27, 1917.

The opinion of the Court was delivered by Mr. Justice Gage.

The appeal is from an order of the Circuit Court, and by the appellant's admission, though there are four exceptions, there is only one question to be decided; and it is this: Are the signature and seal of the clerk of the Circuit Court necessary to the validity of a summons? It was expressly decided in 1884 that a summons does not need to be signed and sealed by the clerk. *Genobles* v. *West,* 23 S. C. 157. It would be unwarrantable now to hold the contrary, and thereby to undo much that has been done in these 30 years gone. The contrary was not decided in *Wren* v. *Johnson,* 62 S. C. 545, 40 S. E. 937.; all there held is that a summons "is a means supplied by the law to the assertion of jurisdiction." It does not appear if the summons in that case was or was not signed and sealed by the clerk.

The appellant, though, rests his case on the Constitution and the statute. Const., art. V, sec. 31; section 1319, Code of Laws 1912; section 4217, Code of Laws 1912. These instruments do specify writs and processes; they do not specify summons. And the Constitution only requires that writs shall be attested by the clerk of Court; it does not define "writ." The appellant, though, says a summons is a writ, and, therefore, the Constitution did in effect specify summons.

The words "writ" and "process" are generic, and they constitute a part of the law's history. 3 Blackstone 271. The Code of Procedure, in effect, abolished the formal writs and processes which obtained aforetime, and which were issued by an officer, and, therefore, under his hand and seal, to a debtor upon the prayer of a creditor. That instrument prescribes that an action may be commenced by summons (section 177), and it prescribes the contents of a summons (section 178), and it does not require the summons to be

signed and sealed by the clerk; it does require it to be sub-scribed by the plaintiff or his attorney. The Code of Procedure does not specify writs or processes; it does provide for the preparation and service of a paper to bring a person before the Court, and it calls that paper a summons. The appellant cannot invalidate it by calling the instrument a writ.

The order below is affirmed.